UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRADLEY G. TUBIN, an individual, ) | Case No.: 2:09-cv-01905-RLH-RJJ |
| ) | |
| Plaintiff, ) | **O R D E R** |
| ) | |
| vs. ) | (Motion to Intervene–#35; |
| ) | Motion to Dismiss–#36) |
| WASHINGTON MUTUAL SAVINGS BANK, ) | |
| a foreign corporation, formerly licensed to do ) | |
| business in Nevada; CALIFORNIA ) | |
| RECONVEYANCE COMPANY, a California ) | |
| Corporation; JP MORGAN CHASE, a foreign ) | |
| corporation believed to be a successor in interest ) | |
| to WASHINGTON MUTUAL SAVINGS ) | |
| BANK; DOES I-X inclusive, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Before the Court is Defendant JP Morgan Chase, N.A.'s ("Chase") **Motion to Intervene** and **Motion to Dismiss** (##35, 36, filed June 16, 2011). The Court has also considered Plaintiff Bradley G. Tubin's Opposition (#39, filed July 19, 2011), and Chase's Reply (#40, filed July 29, 2011).

**BACKGROUND**

This dispute arises out of Tubin's default on two home loans Defendant Washington Mutual Savings Bank ("WaMu") made to Tubin in 2006 and 2007. WaMu, however,

1

failed during the financial upheaval that occurred in 2008 and was taken over by the United States Office of Thrift Supervision, which appointed the Federal Deposit Insurance Corporation ("FDIC") as receiver.[1] The FDIC sold WaMu and its assets to Chase pursuant to a Purchase and Assumption Agreement ("P&A Agreement").[2] The P&A Agreement, however, expressly limits the assumption of liabilities. P&A Agreement § 2.5.

Tubin filed this suit on September 10, 2009, against WaMu, Chase, and California Reconveyance Company in state court. Defendants subsequently removed the case to this Court. Now before the Court is Chase's motion to intervene as the real party in interest in place of WaMu (as Chase bought WaMu) and to dismiss Tubin's claims. For the reasons discussed below, the Court grants Chase's motions.

**DISCUSSION**

**I.     Motion to Intervene**

Chase first moves to intervene pursuant to Federal Rule of Civil Procedure 24(a) as the real party in interest in place of WaMu. Under Rule 24(a) a party is allowed to intervene as of right if they file their motion timely and (1) claim an interest in the subject of the action, and (2) is situated so that their ability to protect their interest may, as a practical matter, be impeded, (3) unless existing parties adequately represent that interest. Here, the simple fact is that WaMu became part of Chase after the sale. WaMu no longer exists as an independent entity. It would not make sense for the Court to ignore this reality and force Chase to defend this action as WaMu even though there is no independent WaMu. Additionally, Chase now owns all the assets WaMu

---

[1] The Court takes judicial notice of these commonly known, verifiable facts and public documents, though Plaintiff does generally allege that J.P. Morgan Chase acquired WaMu and is WaMu's successor in interest (Dkt. #20, Am. Compl. ¶ 8). "[O]n a motion to dismiss a court may properly look beyond the complaint to matters of public record and doing so does not convert a Rule 12(b)(6) motion to one for summary judgment." *Mack v. South Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

[2] General information about the WaMu sale is at http://www.fdic.gov/bank/individual/failed/wamu.html, and the P&A Agreement is at http://www.fdic.gov/about/freedom/Washington_Mutual_P_and_A.pdf. Citations to the P&A Agreement in this order are to the document available at this URL.

owned (ignoring subsequent sales, loan payoffs, etc.) including Tubin's mortgages. Thus, even though the application to intervene could have been more timely, the Court allows Chase to intervene as the real party in interest.

The Court, however, also wishes to note that this is a relatively odd situation because Chase is a party to this case even without intervention. Further, Tubin's arguments that Chase has not sufficiently shown an interest are directly contrary to Tubin's own complaint which names Chase as the successor in interest to WaMu. As a practical matter, Chase's intervention as the real party in interest does not change anything, it only changes the fiction under which this lawsuit had been proceeding.

**II.     Motion to Dismiss**

   **A.     Standard**

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (internal citation omitted).

In *Iqbal*, the Supreme Court recently clarified the two-step approach district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id*. at 1949. Second, a district court must consider

1  whether the factual allegations in the complaint allege a plausible claim for relief. *Id*. at 1950. A
2  claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw
3  a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 1949. Where
4  the complaint does not permit the court to infer more than the mere possibility of misconduct, the
5  complaint has "alleged—but not shown—that the pleader is entitled to relief." *Id*. (internal
6  quotation marks omitted). When the claims in a complaint have not crossed the line from
7  conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570.

8  **B.   Analysis**

9  Chase seeks dismissal of Tubin's complaint on two principal grounds. First, Chase
10 seeks dismissal under Rule 41(b) and Local Rule 41-1 for failure to prosecute because Tubin has
11 failed to take any action in this proceeding for over 12 months. Second, Chase seeks dismissal for
12 failure to state a claim or, in the alternative, summary judgment if the Court examines evidence not
13 subject to judicial notice. The Court addresses each ground in turn.

14 **1.   Failure to Prosecute**

15 If a plaintiff fails to prosecute his claim, the defendant may move to dismiss the
16 action and thereby secure an "adjudication on the merits." Fed. R. Civ. P. 41(b). Specifically,
17 under LR 41-1, a party may seek dismissal for failure to prosecute after no proceeding of record
18 has occurred in a case for more than 270 days (nine months). Courts should dismiss a plaintiff's
19 claims for want of prosecution when the failure to prosecute results in prejudice to the defendant.
20 *See, e.g.*, *Morris v. Morgan Stanley & Co.*, 942 F.2d 648 (9th Cir. 1991). Upon such a motion, the
21 Court examines the following factors: "[1] the court's need to manage its docket, [2] the public
22 interest in expeditious resolution of litigation, [3] the risk of prejudice to defendants from delay,
23 [4] the policy favoring disposition of cases on their merits." *Id.* at 651 (quoting *Citizens Utilities*
24 *Co. v. ATT Co.*, 595 F.2d 1171, 1174 (9th Cir. 1979) (alterations in original)).
25 Tubin has failed to prosecute this case in anything like a diligent manner and for
26 well over 270 days, thus, the Court dismisses this case. Tubin failed to do anything in this case

4

from May 27, 2010, until responding to the present motions, which were filed in June 2011 (Tubin's replies came in July).³ Further, Tubin does not offer a sufficient reason why the Court should not grant this motion. The only arguments Tubin makes is that Chase should not be allowed to "piggyback" on WaMu's claim that Tubin has failed to prosecute, that Tubin has been waiting for a scheduling order from the Magistrate Judge, Tubin is prepared to proceed, and that Rule 41(b) dismissal is disfavored (citing cases from other circuits). None of these arguments are persuasive. Particularly, the "piggyback" argument is nonsensical as Chase is a named party to the complaint and, therefore, did not need intervention to seek dismissal for failure to prosecute.

After considering the relevant factors noted above, the Court determines that dismissal for want of prosecution is appropriate. Particularly due to the prejudice to the Defendants. Tubin maintains possession of two homes for which he has not made payments since sometime in mid-2009. It is now late-2011, and further delay will only keep him in possession of the homes to the detriment of the Defendants. The longer Tubin delays, the longer he keeps these homes without paying on the mortgages. Further, dismissal is warranted because cases such as these clog the Court's docket when a plaintiff fails to proceed and makes it difficult for the Court to timely adjudicate other cases with parties actually interested in resolving their litigation in an expeditious manner. Thus, consideration of the relevant factors shows that the Court should grant dismissal under Rule 41(b) and so it does.

**2. Failure to State a Claim**

Alternatively, the Court also dismisses Tubin's complaint for failure to state a claim. In its motion, Chase details why each of Tubin's claims should be dismissed but also notes that if the Court determines that it needs to examine materials outside the pleadings and not subject to judicial notice, the Court should convert the motion into one for summary judgment. In

---

³ The Court notes that the docket shows that the Court issued an order on a stipulation in January 2011. However, that stipulation was the document filed in May 2010 and does not show any intent Tubin had to prosecute this case.

AO 72
(Rev. 8/82)

response, Tubin merely argues (while noting that certain of his claims should be dismissed) that the Court should not grant summary judgment on all of his claims. Tubin, however, does not address *any* of Chase's legal arguments as to why the claims should be dismissed under Rule 12(b)(6). Essentially, Tubin has failed to oppose the motion to dismiss and, at the very least, has failed to present any reason for why the Court should not dismiss his claims. Accordingly, the Court also dismisses this complaint under Rule 12(b)(6).

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Chase's Motion to Intervene (#35) is GRANTED.

IT IS FURTHER ORDERED that Chase's Motion to Dismiss (#36) is GRANTED.

Dated: November 17, 2011.

_____
**ROGER L. HUNT**
**United States District Judge**