# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BRADLEY G. TUBIN, an individual, | Case No.: 2:09-cv-01905-RLH-RJJ |
| Plaintiff, | **O R D E R** |
| vs. | (Motion to Dismiss–#42) |
| WASHINGTON MUTUAL SAVINGS BANK, a foreign corporation, formerly licensed to do business in Nevada; CALIFORNIA RECONVEYANCE COMPANY, a California Corporation; JP MORGAN CHASE, a foreign corporation believed to be a successor in interest to WASHINGTON MUTUAL SAVINGS BANK; DOES I-X inclusive, | |
| Defendants. | |

Before the Court is Defendant California Reconveyance Company's **Motion to Dismiss** (#42, filed Jan. 27, 2012) for failure to prosecute. Plaintiff Bradley G. Tubin did not file a response.

If one party files a motion to dismiss, the party against whom that motion is filed must file points and authorities in opposition to that motion within fourteen (14) days after the service of the motion. Local Rule 7-2(b). The failure of a party to file points and authorities in opposition to any motion constitutes a consent to the Court's grant of the motion. Local Rule 7-2(d).

Rule 7-2(d) of the Local Rules of Practice provides that failure to file points and authorities in opposition to a motion constitutes a consent that the motion be granted. *Abbott v. United Venture Capital, Inc.*, 718 F. Supp. 828, 831 (D. Nev. 1989). It has been said these local rules have the force of law no less than the federal rules or acts of Congress. *United States v. Hvass*, 355 U.S. 570, 574–75 (1958); *see also Weil v. Neary*, 278 U.S. 160, 169 (1929); *Marshall v. Gates*, 44 F.3d 722, 723 (9th Cir. 1995). The United States Supreme Court itself has upheld the dismissal of a matter for failure to respond under the local court rules. *Black Unity League of Ky. v. Miller*, 394 U.S. 100 (1969).

Plaintiff failed to oppose this motion, which also goes to Defendant's actual argument that Plaintiff has failed to prosecute this case. Thus, the Court grants the motion under both LR 7-2(d) as Plaintiff's failure to oppose amounts to consent that the motion be granted and LR 41-1 for failure to prosecute this case

## CONCLUSION

Accordingly, and for good cause appearing,

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (#42) is GRANTED. As no Defendants remain, the Clerk of the Court is directed to close this case.

Dated: April 4, 2012.

_____
**ROGER L. HUNT**
**United States District Judge**